### BELL v. JOLINE et al.

(Supreme Court, Appellate Term. November 11, 1910.)

1. STREET RAILROADS (§ 37*)—PAVEMENT INSPECTION AT EXPENSE OF STREET RAILWAY—AUTHORITY TO AUTHORIZE.

Railroad Law (Laws 1890, c. 565) § 98, requiring a street railway company to keep the pavement in repair under the supervision of the public authorities, and Greater New York Charter (Laws 1901, c. 466) § 391, providing that pavements shall not be broken without permit, and that if they are not properly relaid the borough president may do so at the cost of the contractor, and may, before issuing such a permit, exact security for proper restoration of the pavement with the cost of inspection, do not authorize the appointment by the borough president of a permanent inspector of the pavement for a street railway at the railway's expense.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 103, 105; Dec. Dig. § 37.*]

2. STREET RAILROADS (§ 57*)—PERMIT TO BREAK PAVEMENTS — INSPECTION—RIGHT TO COMPENSATION—EVIDENCE.

In a suit to recover for the inspection of pavements for a street railway company, where a permit had been issued such company allowing them to break the pavements, in the absence of any evidence showing that any condition or liability had been imposed upon the company requiring them to pay for the inspection, they cannot be held liable for it.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 141; Dec. Dig. § 57.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. STREET RAILROADS (§ 57*)—INSPECTION OF PAVEMENTS FOR STREET RAIL-
    WAY COMPANY—LIABILITY FOR COMPENSATION—EVIDENCE.
      In a suit to recover for the inspection of pavements by an inspector,
    who had been appointed by a borough president to inspect pavement for
    the Interurban Street Railway Company, compensation for such serv-
    ices could not be recovered from the Metropolitan Street Railway Com-
    pany, or its receivers, in the absence of proof of such liability.
      [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 141;
    Dec. Dig. § 57.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth Dis-
trict.

Action by John A. Bell against Adrian H. Joline and another, as
receivers of the Metropolitan Street Railway Company. Judgment
for plaintiff, and defendants appeal. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Masten & Nichols (Henry J. Smith, of counsel), for appellants.

Phillips, Mahoney & Wagner (J. Mahoney and V. L. Leibell, of
counsel), for respondent.

BIJUR, J. This action was brought to recover compensation at
the rate of $120 per month for December, 1909, and part of January,
1910, by plaintiff, who describes himself as a "corporation inspector."
The pleadings were oral, the suit being described as "action for sal-
ary."

Plaintiff's duties, as described by him, were the inspection of the
pavement along the line of the Metropolitan Street Railway Company
generally, and particularly at the time when certain repairs were be-
ing made, from December 8, 1909, to January 9, 1910, under a special
permit of the borough president. Plaintiff was appointed some six
years ago by the then borough president as "inspector on the work
of the Interurban Street Railway Company," to be paid by the com-
pany at the rate mentioned, and he was to report to the borough
president. It seems that he was paid until December, 1909, by the
Metropolitan Street Railway Company, and signed the pay roll each
month on receiving payment. It is not pretended that he was an em-
ployé of the railway company in the ordinary sense of that word. It
is not claimed that the defendant receivers ever employed him, or
adopted any contract of employment theretofore made with him, ex-
cept perhaps impliedly by continuing to pay him, although it is not
alleged that the receivers did so continue. Indeed, the date of the
appointment of the receivers does not appear in the record.

Apparently plaintiff's contention is that under the general power
given to the public authorities by section 98 of the railroad law (Laws
1890, c. 565), coupled with the provision of section 391 of the New
York charter (Laws 1901, c. 466), the borough president had the right
to appoint him and charge his salary to the street railway company,
whose obligation would thus be upon a contract implied by law. An
examination of the sections referred to, however, shows no such power
in the borough president or any other official. Section 98 of the rail-
road law merely places the duty on the company to keep the pave-

ment in repair under the supervision of the public authorities. Section 391 of the charter provides that no pavements shall be broken, except upon permit; that, if the pavement is not relaid properly, the borough president may relay it and charge the cost to the contractor; finally, that the borough president may before issuing such permit demand as a condition thereof security to pay the cost of properly relaying the pavement, together with the expense of inspection thereof. It is plain that there is no power, express or implied, in these sections, to appoint inspectors at an annual or monthly salary to do work of general inspection.

The permit, under which the particular work in the case at bar was carried on between December 8th and January 9th, was put in evidence by defendants, and is barren of any condition such as is allowed by section 391. It has frequently been held that, in the case of permits which may be granted by public authorities, reasonable conditions may be imposed; and it may be that a charge for inspectors may be a reasonable condition to impose upon the recipient. It is doubtful, however, whether such a general condition may be imposed in a case covered by section 391, in which the conditions which may be required are specifically named. Moreover, in the case at bar, there is no evidence of the imposition of any condition concerning inspection. It may be that six years ago, when plaintiff was appointed, there may have been some understanding between some of the traction companies and the borough president as to some general system of supervision to take the place of special conditions in the event of issuing such permits; but the record is barren of any evidence, or even hint, of such a condition, unless it be found in the mere statement that some one, apparently the Metropolitan Street Railway Company, paid plaintiff $120 per month for some six years. On the other hand, such payments may have been entirely voluntary, and can in no event be regarded as evidence of the existence of an understanding or contract concerning which there is otherwise not the slightest testimony.

Apart from the above considerations, which affect the plaintiff's claim in its general aspects, it may be pointed out that his appointment to inspect the Interurban Street Railway Company cannot, without other proof, be regarded as evidence of any liability on the part of the Metropolitan Street Railway Company, and particularly of these defendants, whose rights and liabilities in respect of the subject-matter of this suit are in no wise pointed out in the record, except that they themselves admit that they are the regularly appointed receivers of the latter company and in charge of its property since December 1, 1909. This, of course, is entirely insufficient to place upon them any liability arising out of plaintiff's claim.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.